UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAYNE SCOVIL, CHRISTY PARSONS, KELLEY NYLUND, CLARENCE MCMULLEN, JR., BRENT BAILEY, HENRY SMITH, DUANE HUMPHREY, and WILLIAM PREBLE, individually and on behalf of all others similarly situated, Plaintiffs, | ) ) ) ) ) ) ) ) ) |
| v. | ) ) |
| FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, Defendants | ) ) ) ) ) ) |

## CLASS ACTION COMPLAINT AND JURY DEMAND

I.  INTRODUCTION

This is an action brought by current and former delivery drivers of FedEx Ground Package System, Inc. and its division FedEx Home Delivery (collectively "Defendants" or "FedEx Ground") for Defendants' unlawful misclassification of their drivers as independent contractors rather than employees. The Plaintiffs named in this complaint bring this action on behalf of a class of similarly situated persons who have worked as delivery drivers for FedEx Ground in the State of Maine and who have similarly been misclassified under the Fair Labor Standards Act, as well as the statutory and common law of Maine and who have suffered damages as a result of this misclassification.

1

II.     PARTIES

1. The Plaintiff, Wayne Scovil, is an adult resident of Carmel, Maine. Plaintiff Scovil worked as a FedEx Ground delivery driver from 1998 until October of 2010.

2. The Plaintiff, Christy Parsons, is an adult resident of Orland, Maine. She worked as a FedEx Home Delivery driver from 2004 until the end of 2009.

3. The Plaintiff, Kelley Nylund, is an adult resident of Orrington, Maine. She worked as a FedEx Home Delivery driver from 2001 until the present.

4. The Plaintiff, Clarence McMullen, Jr., is an adult resident of Newport, Maine. He worked as a FedEx Home Delivery driver from 2005 until the present.

5. The Plaintiff, Brent Bailey, is an adult resident of Brownville , Maine. He worked as a FedEx Ground driver from February 2007 until the present

6. The Plaintiff, Henry Smith, is an adult resident of Dexter, Maine. He worked as a FedEx Home Delivery driver from 2005 until the present.

7. The Plaintiff, Duane Humphrey, is an adult resident of Canaan, Maine. He worked as a FedEx Home Delivery driver from 2001 until 2005.

8. The Plaintiff, William Preble, is an adult resident of Sun City, Florida. He worked as a FedEx Home Delivery driver from February of 2008 until June of 2009.

9. The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated. That group includes all individuals who worked within the state of Maine for FedEx Ground Package System, Inc. and/or its division, FedEx Home Delivery, as pickup and delivery drivers and who were improperly classified by Defendants as independent contractors. The Class meets all of the requirements of Rule 23 of the Federal Rules

of Civil Procedure. Similarly situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

10. Defendant FedEx Ground Package System, Inc., together with its division, Defendant FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery, is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. At all times relevant, FedEx Ground, an affiliate of FedEx Corporation, engaged in transportation and delivery services in Maine.

III. JURISDICTION AND VENUE

11. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(d)(2) as the Plaintiffs are all residents of Maine and the Defendants are corporations with a principal place of business in Pennsylvania.

13. Venue properly lies in Federal District Court in Bangor, Maine, in that all of the Plaintiffs are residents of this judicial district, and worked for Defendants in this district. Further, Defendants maintain a place of business in Bangor, Maine.

IV. STATEMENT OF FACTS

14. FedEx Ground is an affiliate of the FedEx Corporation, and has employed more than 100 drivers in the state of Maine to pick up and deliver packages to customers of the Defendants. The Defendants hold themselves out to be the world's leading package delivery business.

15. As a condition of employment, each FedEx Ground driver, including the Plaintiffs was required to sign a lengthy form contract which is a called a "PICK UP AND DELIVERY CONTRACTOR OPERATING AGREEMENT" that mischaracterizes each driver as an "independent contractor". These Operating Agreements (hereinafter "Operating Agreement" or "OA") are designed to conceal the true nature of the relationship between FedEx Ground and its drivers which is that of employer and employee. The OA between each member of the Plaintiff class and FedEx Ground is the same in all material respects. The OA between Plaintiffs and FedEx Ground contains essentially all of the same material terms with only a few minor and insubstantial differences.

16. The Operating Agreement contains various statements purporting to classify Plaintiffs and Plaintiff class members as independent contractors. At the same time, the Operating Agreement retains to the company, *inter alia*, the right to approve or disapprove any vehicle used to provide service, the right to approve or disapprove any helper who provides service, the right to approve or disapprove the purchase or sale of any vehicle, the right to assign, pick-up and delivery stops to each driver, including the right to temporarily or permanently transfer portions of any route to another with or without compensation, the right to determine when a driver has "too few" or "too many" packages to deliver on a given day, the right to inspect vehicles and drivers for compliance with company promulgated appearance standards, the right to terminate the contract upon thirty (30) days notice or whenever the company unilaterally determines that any provision of the contract has been violated amounting to the right to terminate at will, the right to acquire the use of certain communication and scanning equipment and the wearing of certain company uniforms, the right to take a vehicle out of service, the right to review and evaluate the performance of the drivers and the service they

provide to customers, including the setting of and the changing of standards for such service, the right to require drivers to perform service at the specific times requested by FedEx and the customers, the right to withhold pay for certain specified expenses, the right to require the purchase of specified insurance and various other items necessary for the drivers to perform their work, and the right to require completion of specified paper work and completion of all packages provided by the end of each work day.

17. The Operating Agreement is a contract of adhesion, drafted exclusively by Defendants with no negotiation with the drivers, and the drivers are required to sign the agreement as a condition of employment. In addition, every year, the drivers are required to sign additional addenda which are likewise not subject to negotiation and are unilaterally drafted by the Defendants and which also constitute a contract of adhesion.

18. Although the Operating Agreement labels the drivers as independent contractors, the Defendants reserve the right to, and do exercise, such significant behavioral and financial control over the drivers sufficient to demonstrate that the drivers are employees rather than independent contractors. This control includes, but it not limited to the following matters:

    a. It employs supervisors and managers who have supervisory responsibility over the drivers, who assign, direct and supervise their work;

    b. The drivers are required to comply with all of Defendants' written and unwritten policies, procedures, and directives, or suffer penalties for not doing so;

    c. When commencing work for Defendants, the drivers must receive training in Defendants' policies and procedures and in how to document their

deliveries, including the use of the technology maintained by the Defendants to track packages;

 d. The drivers are required to purchase or lease vehicles that meet Defendants' specifications and they must wear certain uniforms in performing their work that meets the specifications set by the Defendants. In addition, their trucks must be painted in certain FedEx colors that are approved by FedEx and this signage prevents the drivers from using their vehicles to offer their services to the general public.

 e. The drivers are paid a set amount fixed by FedEx which includes an amount for each package delivered, and Defendants also make a payment based upon performance, safety, and other factors related to the drivers' productivity and performance.

19. The Defendants exert a high degree of control over the drivers' work including "business counseling sessions" in which the supervisors inform the drivers of deficiencies in their work.

20. Though the Operating Agreement labels the drivers as independent contractors, the type of relationship between Defendants and the drivers demonstrate that the drivers are employees rather than independent contractors. The factors demonstrating such an employment relationship include but are not limited to the following:

 a. The work of the drivers constitutes the core business of the company such that the Defendants would not exist as viable entities without the delivery work which the Plaintiffs perform;

b. The Defendants require the Plaintiffs to make their truck and their uniforms adorned with such signage that the drivers appear to the public to be employees of FedEx and part of the FedEx system.

c. The Defendants exert a high degree of control over the drivers' ability to sell their routes or have others perform in their place since each such sale or substitution requires the express approval of the Defendants.

d. The Defendants prevent the drivers from choosing when and how and to what extent they care to work for the Defendants during the day, during the week, and during the year, instead directing the drivers in the approximate hours when they must pick up their packages, deliver them, and prohibiting the drivers from refusing to make deliveries on the days specified by FedEx.

e. The drivers have worked full-time for the Defendants exclusively over many years at a time.

f. By characterizing their relationship as independent contractor, the Defendants require the drivers to incur significant operating expenses which are ordinarily suffered by an employer including costs relating to the lease and purchase or vehicles, the maintenance and repair of such vehicles, the purchase of insurance, the purchase or uniforms, the costs associated with hiring temporary or replacement drivers when the drivers are unable to work due to injury, illness, or vacation, and requiring the drivers to pay the employers' share of Federal Employment taxes for which the employer should be liable.

21. By its conduct as stated above, the Defendants have committed a wide-spread and systematic breach of the terms of said Operating Agreement in that they treat the drivers as employees and not independent contractors as is stated in the Operating Agreement.

22. In addition, by its conduct, the Defendants have misrepresented to the drivers that they are independent contractors (and thus entrepreneurs with the ability to independently manage and grow their business) when in fact they are employees.

23. By reason of their conduct, the Defendants do not contribute to workers' compensation and unemployment insurance and do not allow drivers to apply for or qualify for workers' compensation or unemployment benefits.

24. The named and class plaintiffs have routinely been required to work more than 40 hours per week delivering packages for Defendants. Despite this, none of the named or class Plaintiffs have been paid overtime for work performed over 40 hours per week. In addition, many of the trucks driven by the named and class Plaintiffs weigh less than 10,001 pounds and are therefore not subject to the jurisdiction of the United States Department of Transportation. Other trucks driven by the named and class Plaintiffs weigh more than 10,001 pounds, however, none of the drivers are paid an amount of overtime "reasonably" equivalent to that required by 26 Maine Rev. Statutes §664(3)(H).

25. The Plaintiffs bring this action under Federal Rule 23, on behalf of all individuals who worked as FedEx Ground and Home Delivery drivers in the State of Maine, and who signed an "operating agreement" within the applicable statute of limitations for each count of the Complaint. Plaintiffs also seek certification of a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) allowing similarly situated individuals to opt-in to this action.

## COUNT I

### (Overtime Under 26 M.R.S.A. §664)

26. Under the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664(3)(H), the named and class Plaintiffs are employees not independent contractors and, therefore, entitled to overtime. In addition, pursuant to 26 M.R.S.A. §670, the Plaintiffs are entitled to the amount of overtime which is owed to them and which is unpaid in addition to an amount equal to such overtime due as liquidated damages plus the cost of suit and reasonable attorneys' fees.

## COUNT II

### (Fair Labor Standards Act, 29 U.S.C. § 207)

27. As of August 1, 2005, and thereafter, many of the named and class Plaintiffs drove trucks for Defendants whose weight was 10,001 lbs or less, and thereby were subject to the overtime provision FLSA, 29 U.S.C. §§ 207 and 213. Defendants are therefore liable to the named and class Plaintiffs for unpaid overtime, plus liquidated damages and attorneys' fees.

## COUNT III

### (Unlawful Deductions Under 26 M.R.S.A. §629)

28. As stated above, the named and class Plaintiffs were required to incur certain expenses and costs as a result of their misclassification as an independent contractor. Specifically, in their settlement or paychecks which they received on a regular basis during the course of their employment, the Defendants would deduct certain expenses as a condition of the Plaintiffs being able to retain and secure their work with FedEx, including deductions for alleged mis-delivered packages, deductions for certain "business support packages" for the use of a FedEx issued scanner and other similar deductions. In addition, the Plaintiffs have had money

deducted for insurance and other costs and business expenses which should have been borne by FedEx. These deductions are in violation of 26 M.R.S.A. §629.

## COUNT IV

(<u>Declaratory Judgment</u>)

29. Because as set forth herein, the Defendants have misclassified the Plaintiffs and class members as independent contractors rather than as employees, therefore, pursuant to 28 U.S.C. §2201, this Court should issue a declaratory judgment establishing that the Plaintiffs and class members are or were employees of the Defendants and that the Plaintiffs and class members are or were therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and of the State of Maine.

## COUNT V

(<u>Rescission of Operating Agreement/*Quantum Meruit*</u>)

30. Despite the express terms of the Operating Agreement, Plaintiffs' relationship with Defendants satisfies every aspect of the test for employment and not for independent contractor status.

31. Defendants reserved the right to control Plaintiffs' work and in fact exercises that control set forth in the general allegations above. Despite this control, the Defendants mischaracterize the Plaintiffs as independent contractors and as a result the drivers must pay substantial sums of their own money for work-related expenses, including but not limited to the purchase or lease or vehicles, meeting company specifications, and all costs of operating, insuring or maintaining their vehicles.

32. The Operating Agreement illegally and unfairly advantages Defendants by mischaracterizing the status of the Plaintiffs and thereby evades employment related obligations,

such as social security contributions, workers' compensation coverage, and state disability and unemployment compensation, illegally shifting the expense of workers' compensation coverage and other expenses to the Plaintiffs.

33. The Operating Agreement is therefore void as against the public policy of Maine and unenforceable as a contract of adhesion. By misclassifying its employees as independent contractors as set forth above, the Defendants have been unjustly enriched. The Plaintiffs are therefore entitled to the *quantum meruit* value of their services as employees and for rescission of their agreement.

## COUNT VI

### (Unjust Enrichment)

34. As a result of Defendants' conduct in misclassifying Plaintiffs and class members as independent contractors Defendants have unjustly enriched themselves to the detriment of Plaintiffs and class members in violation of the common law of the State of Maine.

## JURY DEMAND

Plaintiffs request a trial by jury on all claims for which they are entitled to a jury trial.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certify this case to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. Permission for individuals who worked as drivers for Defendants and were classified as independent contractors and have not been paid overtime for hours greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

3. Issue a Declaratory Judgment that Plaintiffs and other similarly situated persons are employees not independent contractors.

4. Award all damages to which the named Plaintiffs and class members may be entitled including liquidated damages and attorneys' fees.

5. Order the rescission of the Operating Agreement and award restitution compensating Plaintiffs for the costs of same.

WAYNE SCOVIL, CHRISTY PARSONS, KELLEY NYLUND, CLARENCE MCMULLEN, JR., BRENT BAILEY, HENRY SMITH, DUANE HUMPHREY, and WILLIAM PREBLE, individually and on behalf of all others similarly situated, **Plaintiffs**

By their attorneys,

  /s/ Harold L. Lichten
Harold L. Lichten Maine Bar #1559
Shannon Liss-Riordan
Ian O. Russell
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994.5800

  /s/ Timothy Belcher
Timothy Belcher Maine Bar #3814
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994.5800

  /s/ Donald F. Fontaine
Donald F. Fontaine Maine Bar #424
The Law Office of Donald Fontaine
97 India Street, P.O. Box 7590
Portland, ME 04112
(207) 879.1300