UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WAYNE SCOVIL, CHRISTY PARSONS, KELLEY NYLUND, CLARENCE MCMULLEN, JR., BRENT BAILEY, HENRY SMITH, DUANE HUMPHREY, and WILLIAM PREBLE | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.:  1:10-cv-00515-DBH |
| v. | ) ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, | ) ) ) | |
| Defendant. | ) | |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S
MOTION TO DISMISS COUNTS IV THROUGH VI OF THE COMPLAINT
WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant

FedEx Ground Package System, Inc. ("FedEx Ground") hereby moves to dismiss Counts IV

through VI of the Complaint ("Complaint" or "Compl.") of Plaintiffs Wayne Scovil, Christy

Parsons, Kelley Nylund, Clarence McMullen, Jr., Brent Bailey, Henry Smith, Duane Humphrey,

and William Preble ("Plaintiffs").  As grounds for this Motion, Defendant states as follows:

In Count IV, Plaintiffs seek a declaratory judgment that they are or were employees of

FedEx Ground and are or were entitled to the benefits of employment.  But the Declaratory

Judgment Act provides a remedy, not a substantive cause of action, *Akins v. Penobscot Nation*,

130 F.3d 482, 490 n.9 (1st Cir. 1997), and Count IV—to the extent it purports to stand as a cause

of action—should be dismissed.

In Count V, Plaintiffs seek rescission of their Operating Agreement ("Agreement") with

FedEx Ground and recovery under a *quantum meruit* theory for the value of the services they

provided to FedEx Ground.  Rescission is an equitable remedy, however, and claims for rescission must be brought within a reasonable period of time.  *Vanlee Corp. v. Madden*, No. CV-99-434, 2000 WL 33675366, at *2 (Me. Super. Ct. June 12, 2000).  The plaintiffs here have not done so, as they have waited for years before filing this suit—reaping the benefits of their relationship with FedEx Ground in the meantime—and their claims must therefore be dismissed. Furthermore, *quantum meruit* is only a measure of recovery for claims based upon an implied contract, *Bowden v. Grindle*, 651 A.2d 347, 351 (Me. 1994), and is unavailable where, as here, an express contract (namely the Operating Agreement) governs the parties' relationship.  *Fed. Marine Terminals, Inc. v. Worcester Peat Co., Inc.*, No. 99-0161-B-H, 2000 WL 1061227, at *4 (D. Me. July 28, 2000) (citing *Luce v. Corinna Seed Potato Farms*, 134 A. 198, 199 (Me. 1926)).

In Count VI, Plaintiffs seek equitable relief for unjust enrichment.  This claim fails for the same reason as their *quantum meruit* claim, as it is not available to Plaintiffs where an express contract governs the terms of the parties' relationship.  *Innovative Network Solutions, Inc. v. Onestar Commc'ns, LLC*, 283 F. Supp. 2d 295, 304 (D. Me. 2003).

## BACKGROUND[1]

Defendant FedEx Ground is engaged in providing for package pick-up and delivery services through a network of independent contractors pursuant to Operating Agreements. Exhibit A[2] at 1, Background Statement; *see* Compl. ¶¶ 10, 14.  Plaintiffs are eight current and former FedEx Ground contractors who executed one or more Operating Agreements with FedEx Ground between 1998 and 2008.  Compl. ¶¶ 1-8, 15.  The Operating Agreements they signed

---

[1]    Solely for purposes of this motion, FedEx Ground accepts the allegations in the Complaint as true.

[2]    Exhibit A is a true and correct copy of a sample FedEx Operating Agreement ("Operating Agreement") and its addenda.  The Court can and should consider the Operating Agreement—which is specifically relied upon throughout the Complaint—when considering FedEx Ground's motion to dismiss.  *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) (district court authorized to consider documents expressly linked to the allegations of the complaint).

provided that it was the mutual intention of both FedEx Ground and Plaintiffs to establish an independent contractor relationship.  Ex. A at 1, Background Statement.  The Agreement sets forth the parties' mutual business objectives, but provides that the "manner and means of reaching these results are within the discretion of the Contractor."  *Id.*  Under the Operating Agreement, the Contractor is responsible for paying the costs and expenses of operating his business (§1.3), including the provision of a vehicle (§1.1), and is permitted to employ other persons to perform his obligations under the Agreement (§2.2).  The Operating Agreement can be terminated by FedEx Ground only in the event of a breach or under other specified conditions. (§12.1).  The Agreement also gives the contractor the right to sell his FedEx Ground route to another qualified person (§18).

Plaintiffs' central allegation of wrongdoing is that FedEx Ground misclassified them as independent contractors rather than employees, Compl. ¶¶ 15-16, 18, 20, and thereby denied them certain benefits to which they would have been entitled as employees.  Compl. ¶¶ 26-28. They allege, for example, that under the Operating Agreement FedEx Ground retains certain powers that give it undue control over the contractors notwithstanding other language in the Agreement.  *See, e.g.*, Compl. ¶ 16.  Based upon this core allegation, they seek recovery under a variety of legal theories:  overtime under M.R.S.A. §664 (Count I); overtime under the Fair Labor Standards Act ("FLSA") (Count II); unlawful deductions under M.R.S.A §629 (Count III); declaratory judgment (Count IV); rescission/*quantum meruit* (Count V); and unjust enrichment (Count VI).

**ARGUMENT**

I.   **THE COURT SHOULD DISMISS COUNT IV BECAUSE A DECLARATORY JUDGMENT IS A FORM OF RELIEF AND NOT A CAUSE OF ACTION**

In Count IV, Plaintiffs purport to state a claim for a "declaratory judgment establishing that the Plaintiffs and class members are or were employees of the Defendants and that the Plaintiffs and class members are or were therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and of the State of Maine." Compl. ¶ 29. It is well settled, however, that the Declaratory Judgment Act, 28 U.S.C. §2201, does not "create[] a substantive cause of action." *Akins v. Penobscot Nation*, 130 F.3d 482, 490 n.9 (1st Cir. 1997); *see also Shapiro v. Haenn*, 222 F. Supp. 2d 29, 50 (D. Me. 2002) (citing *Akins*). Rather, the statute provides "a remedy by which parties may seek a declaration as to their substantive rights." *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994).

Accordingly, Plaintiffs' claim for declaratory judgment in Count IV should be dismissed. Plaintiffs already identify a declaratory judgment as among the remedies they seek, *see* Complaint at 11, and that is where it properly belongs, not as a substantive cause of action.

II.   **THE COURT SHOULD DISMISS COUNT V FOR FAILURE TO STATE A CLAIM FOR EITHER RESCISSION OR QUANTUM MERUIT.**

Count V of the Complaint seeks rescission of the Operating Agreement, alleging that it is "void as against the public policy of Maine and unenforceable as a contract of adhesion" because it "mischaracterize[es] the status of the Plaintiffs and thereby [FedEx Ground] evades employment related obligations." Compl. ¶¶ 32-33. Plaintiffs claim that, as a result, they are entitled to recovery in *quantum meruit* for the value of their services as employees. *Id*. at ¶ 33. Neither theory of relief has merit.

1. <u>Rescission</u>

Plaintiffs' claim for rescission fails because it is untimely.  Rescission is an equitable remedy, and an action for rescission must be brought within a reasonable time after discovery of the grounds justifying it.  *Mott v. Lombard*, 655 A.2d 362, 365 (Me. 1995); *Vanlee Corp. v. Madden*, No. CV-99-434, 2000 WL 33675366, at *2 (Me. Superior Ct. June 12, 2000) (citing *Mott*).

Plaintiffs signed their Operating Agreements between 1998 and February 2008, yet they waited until December 2010 to bring this suit.[3]  *See* Compl. ¶¶ 1-8.  The factual basis for plaintiffs' rescission claim is that they were misclassified as independent contractors, Compl. ¶ 31, based on various instances of alleged control over them by FedEx Ground, many of which were exercised through the Operating Agreement itself.  *See* Compl. ¶ 16 (alleging elements of control FedEx Ground retained under the Operating Agreement).  In short, plaintiffs were aware, or should have been aware, of the basis for their rescission claim from the commencement of their relationship with FedEx Ground, or shortly thereafter.

On these undisputed facts, plaintiffs rescission claims have not been brought within a reasonable period of time, and should be dismissed.  *See Mott*, 655 A.2d at 365 (finding rescission unavailable where purchasers failed to seek rescission until 6 1/2 years after the purchase); *Gordon v. Hutchins*, 105 A. 356, 357, 359 (1919) (finding that a plaintiff seeking rescission after occupying a farm for 2 1/2 years had waited unreasonably long); *Clark v. Stetson*, 93 A. 741, 743 (1915) (finding that a plaintiff was unable to rescind a contract when he continued to occupy the premises at issue for two months after he was aware of the facts of which he complained).  Because Plaintiffs had knowledge of the bases of their claim, and

---

[3]     Plaintiff Preble's claim was brought 34 months after he signed a contract with FedEx Ground.  Compl. ¶ 8.
         Plaintiff Bailey's claim was brought 46 months after his contract began.  Compl. ¶ 5.  All other plaintiffs'

nonetheless reaped the benefits of their agreements for several years, their claim for rescission has not been brought with reasonable promptness.

Less than a month ago, in a similar case against FedEx Ground, Judge O'Toole of the District of Massachusetts granted a motion to dismiss the plaintiff's rescission claim because, among other things, it had not been brought with "reasonable promptness." In that case, *Debnam v. FedEx Ground*, No. 1:10-cv-11025-GAO (D. Mass. Mar. 31, 2011), plaintiff's rescission claim was based, as are the claims here, on the allegation that he had been misclassified as an independent contractor. *See* Complaint at ¶¶ 39-49, *Debnam*, No. 1:10-cv-11025-GAO (June 17, 2010) (Doc. No. 1), attached hereto as Exhibit B. Applying principles of Massachusetts law that are analogous to Maine law, Judge O'Toole's analysis of the rescission claim was as follows:

> Finally, the defendant seeks to dismiss the plaintiff's claim of rescission of the Agreement in Count VIII. The rescission claim, as with the rest of his claims, is based on the alleged misclassification of the plaintiff as an independent contractor, causing him to incur costs he would not have if he were considered an employee and to miss out on the benefits of employment, which the plaintiff contends makes the Agreement void as against public policy. He further alleges that the Agreement was an unconscionable contract of adhesion because he was required to execute it if he wanted to continue to work with the defendant. However, the plaintiff did have a choice: he could have rejected the terms of the Agreement and found employment elsewhere. He does not allege that there were no other companies in the State with whom or for whom he could have worked, nor has he sufficiently alleged that he was coerced or defrauded into signing the Agreement when he argues that the terms of the contract specify the ways in which the company intended to maintain control over the plaintiff's working conditions.
>
> Additionally, as an equitable remedy, actions for rescission must be brought with "reasonable promptness." Elias Bros. Rests., Inc. v. Acorn Enters., Inc., 831 F. Supp. 920, 927 (D. Mass. 1993). The plaintiff's allegations, while perhaps also related to the most recent iteration of the Agreement, stem from the initial contract formation in 2004 and the overall terms of his relationship with the defendant since then. Having had knowledge of the circumstances and having reaped the benefits of the Agreement since 2004, it cannot be said that the plaintiff has brought his claim for rescission with reasonable promptness. Under

---

claims were brought more than five years after their contracts were signed. Compl. ¶¶ 1-8.

> these circumstances, the plaintiff has not alleged that the Agreement (or its four
> successors) was so unconscionable or unfair that it might be void as a contract of
> adhesion or as one so contrary to public policy. As such, the claim is dismissed.

*See* Opinion and Order at 3-4, *Debnam*, No. 1:10-cv-11025-GAO (Mar. 31, 2011) (Doc. No. 17),

attached hereto as Exhibit C.  Judge O'Toole's analysis is equally applicable here, and the

rescission claims of the plaintiffs here should be dismissed for the same reasons as they were in

*Debnam*.

### 2.   Quantum Meruit

Count V also seeks recovery in *quantum meruit*.  A claim for quantum meruit requires

proof that "(1) services were rendered to the defendant by the plaintiff; (2) with the knowledge

and consent of the defendant; and (3) under circumstances that make it reasonable for the

plaintiff to expect payment."  *Carvel Co. v. Spencer Press, Inc.*, 708 A.2d 1033, 1036 (Me.

1998).  As the Supreme Judicial Court of Maine has explained, however, *quantum meruit* is a

claim based on services or materials provided under an "implied contract." *Bowden v. Grindle*,

651 A.2d 347, 351 (Me. 1994).  But such a theory is unavailing where, as here, the parties had an

express contract.  *Fed. Marine Terminals, Inc. v. Worcester Peat Co., Inc.*, No. 99-0161-B-H,

2000 WL 1061227, at *4 (D. Me. July 28, 2000) (citing *Luce v. Corinna Seed Potato Farms*, 134

A. 198, 199 (Me. 1926) ("where an express contract exists there can be no implied contract")).

Thus, Plaintiffs' request for recovery in *quantum meruit* fails.

## III.   THE COURT SHOULD DISMISS COUNT VI FOR FAILURE TO STATE A CLAIM OF UNJUST ENRICHMENT.

Count VI asserts that, by "misclassifying Plaintiffs and class members as independent

contractors, Defendants have unjustly enriched themselves to the detriment of Plaintiffs and class

members."  Compl. ¶ 34.  A claim for unjust enrichment under Maine law requires a plaintiff to

establish that (1) he conferred a benefit on Defendant; (2) Defendant had appreciation or

knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value. *Ingram v. Rencor Controls, Inc.*, 256 F. Supp. 2d 12, 22 (D. Me. 2003) (citing *Howard & Bowie, P.A. v. Collins*, 759 A.2d 707, 710 (Me. 2000)).

Courts developed unjust enrichment as an equitable theory of recovery to provide a remedy in the absence of a formal contract. Accordingly, as is the case with *quantum meruit*, recovery under a theory of unjust enrichment is not available where, as here, a contract exists (or existed) between the parties. *See Innovative Network Solutions, Inc. v. Onestar Commc'ns, LLC*, 283 F. Supp. 2d 295, 304 (D. Me. 2003) (finding a contractual relationship between parties precludes recovery for unjust enrichment); *June Roberts Agency, Inc. v. Venture Props., Inc.*, 676 A.2d 46, 49 n.1 (Me. 1996) ("[T]he existence of a contract precludes recovery on a theory of unjust enrichment because unjust enrichment describes recovery for the value of the benefit retained when there is not a contractual relationship."); *In re Wage Payment Litig.*, 759 A.2d 217, 224 (Me. 2000) (dismissing plaintiffs' unjust enrichment claim where an employment contract governed the parties' relationship.)

In short, Plaintiffs' unjust enrichment claims should be dismissed because of the existence of contracts with the Defendant.

## CONCLUSION

For all the foregoing reasons, Defendant FedEx Ground respectfully requests that this Court dismiss Counts IV through VI of Plaintiffs' Complaint.

## REQUEST FOR ORAL ARGUMENT

FedEx Ground respectfully requests a hearing on this Motion.

Dated: April 29, 2010               Respectfully Submitted,


/s/Eric J. Uhl
Eric J. Uhl, Esq.
FISHER & PHILLIPS LLP
400 Congress Street, P.O. Box 7250
Portland, ME  04112-7250
(207) 774-6001
euhl@laborlawyers.com

James C. Rehnquist, Esq.
Caroline H. Cochenour, Esq.
(admitted *pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1949
jrehnquist@goodwinproctor.com
ccochenour@goodwinprocter.com

Attorneys for Defendant FedEx Ground System,
Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2011, I filed FedEx Ground Package System Inc.'s

Motion To Dismiss Counts IV Through VI Of The Complaint With Incorporated Memorandum

Of Law with the Clerk of Court using the CM/ECF system, which will send such notification of

such filing to the following:

Harold L. Lichten, Esq.
Shannon Liss-Riordan, Esq.
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA  02114
HLichten@llrlaw.com
sliss@llrlaw.com


Donald F. Fontaine, Esq.
LAW OFFICES OF DONALD F. FONTAINE
97 India Street
P.O. Box 7590
Portland, ME  04112
dff@fontainelaw.com



_____/s/Eric J. Uhl_____
Eric J. Uhl, Esq.
FISHER & PHILLIPS LLP
400 Congress Street, P.O. Box 7250
Portland, ME  04112-7250
(207) 774-6001
euhl@laborlawyers.com


Attorneys for Defendant FedEx Ground System, Inc.