UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| WAYNE SCOVIL, et al., | ) | |
|---|---|---|
| Plaintiffs | ) ) ) | |
| v. | ) ) | No. 1:10-cv-515-DBH |
| FEDEX GROUND PACKAGE SYSTEM, INC. *d/b/a FedEx Home Delivery*, | ) ) ) ) ) | |
| Defendant | ) ) | |

## DECISION AND ORDER GRANTING MOTION TO DISMISS COUNTS IV THROUGH VI

Current and former delivery drivers ("drivers") for FedEx Ground Package System, Inc. and its division FedEx Home Delivery (collectively, "FedEx") have asserted statutory and common law claims alleging that FedEx unlawfully misclassified them as independent contractors when they were actually employees. FedEx has moved to dismiss the claim for declaratory judgment (Count IV) and two common law claims, rescission of Operating Agreement/quantum meruit (Count V) and unjust enrichment (Count VI). For the following reasons, I **GRANT** the motion to dismiss Counts IV, V, and VI.

### ANALYSIS

**A.** *Declaratory Judgment (Count IV)*

The drivers agree to the dismissal of Count IV, in which they seek declaratory judgment pursuant to 28 U.S.C. § 2201 as a separate count. Pls.' Opp'n to Mot. to Dismiss Counts IV through VI at 1 n.1 (Docket Item 18). They

reserve the right to seek declaratory judgment as a remedy under the remaining counts of the Complaint.  Id.

B.      **Rescission of Operating Agreement/Quantum Meruit (Count V)**

In Count V, the drivers seek rescission of their contracts with FedEx (the "Operating Agreements").  Under Maine law, as an equitable remedy an action for rescission is only available if brought within a "reasonable time" after discovery of the facts justifying it.  Mott v. Lombard, 655 A.2d 362, 365 (Me. 1995).  "'What is a reasonable time is a mixed question of law and fact.'"  Id. (quoting Getchell v. Kirkby, 92 A. 1007, 1008 (Me. 1915)).  Where the facts are undisputed, however, the Maine Law Court has said that it is a question of law.  Hotchkiss v. Bon Air Coal & Iron Co., 78 A. 1108, 1119 (Me. 1911) ("[w]hat is a reasonable time within which the right of rescission must be exercised, when the facts are undisputed, is a question of law").  Cf. Mott, 655 A.2d at 365 ("When the facts are ascertained it becomes a question of law.").

The drivers argue that determining the timeliness of their rescission claim is premature because the factual record has not yet been developed.  Pls.' Opp'n to Mot. to Dismiss Counts IV Through VI at 3-5.  If there was a dispute over when the drivers discovered the factual grounds for their rescission claim, this argument would have merit.  Here, however, the drivers have not alleged any facts that would support a finding that the rescission claim was brought within a reasonable period of time.

The drivers allege in their Complaint that they signed contracts with FedEx between 1998 and February 2008.  Compl. ¶¶ 1-8, 15 (Docket Item 1). The factual basis for their rescission claim—that the contracts misclassified

2

them as independent contractors, when in fact, FedEx treated them as employees—must have been known to the drivers when they signed these contracts or shortly after they began working as delivery drivers for FedEx. The drivers brought this lawsuit in December 2010. As a matter of law, that is too long. See Mott v. Lombard, 655 A.2d 362, 365 (Me. 1995) (6½ years unreasonably long); Gordon v. Hutchins, 105 A. 356, 359 (1919) (2½ years unreasonably long); Clark v. Stetson, 93 A. 741, 743 (1915) (two months unreasonably long). See also Debnam v. FedEx Home Delivery, 2011 U.S. Dist. LEXIS 35417, at *6-7 (D. Mass. Mar. 31, 2011) (reaching same conclusion under Massachusetts law requiring rescission claims to be brought with "reasonable promptness").

Count V also seeks recovery in quantum meruit. Compl. at ¶ 33. Because I have found that the contracts are not subject to rescission, quantum meruit does not apply.

### C.     *Unjust Enrichment (Count VI)*

The drivers have also asserted a claim for unjust enrichment. The general rule in Maine is that the existence of an express contract precludes recovery for unjust enrichment. June Roberts Agency v. Venture Props., 676 A.2d 46, 49 n.1 (Me. 1996). The parties do not dispute that the drivers signed Operating Agreements that governed their relationships with FedEx. The drivers argue, however, that they have a claim for unjust enrichment because their underlying contracts with FedEx are void as against public policy. Pls.' Response to Court's Request for Briefing at 6 (Docket Item 32).

It is true that other jurisdictions have held that unjust enrichment may be available where one party is unjustly enriched at the expense of the other party under an agreement that is illegal or otherwise unenforceable for reasons of public policy. See, e.g., Wessel v. City of Albuquerque, 463 F.3d 1138, 1147 (10th Cir. 2006) (relying on a draft of the Restatement (Third) of Restitution and Unjust Enrichment). See also Restatement (Third) of Restitution and Unjust Enrichment § 32 ("A person who renders performance under an agreement that is illegal or otherwise unenforceable for reasons of public policy may obtain restitution . . .") (2011). The Maine Law Court suggested its approval of this principle in Court v. Kiesman, 850 A.2d 330 (Me. 2004). There, the Maine Law Court found the contract at issue void because of public policy and held that the plaintiff therefore could not maintain a breach of contract action. Id. at 334. Because the defendant had received a benefit from the plaintiff without rendering the contract performance, however, the Law Court said that the plaintiff "may be entitled to relief through his unjust enrichment claim" and remanded the case for consideration of the claim for unjust enrichment. Id.

Unlike in Court v. Kiesman, however, there is no allegation that FedEx has failed to perform under the Operating Agreements, and even under the Restatement rule, "[t]here is no unjust enrichment if the claimant receives the counterperformance specified by the parties' unenforceable agreement." Restatement (Third) of Restitution and Unjust Enrichment, supra, § 32. That

4

is what happened here. Accordingly, the claim for unjust enrichment also fails.[1]

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Counts IV through VI is **GRANTED**.

SO ORDERED.

DATED THIS 21ST DAY OF JULY, 2011

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I make no finding as to whether the Operating Agreements are void because of public policy. I hold only that, even if the Operating Agreements are void, the drivers still cannot succeed on the unjust enrichment claim they have pleaded.