UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **WAYNE SCOVIL, ET AL.,** ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v. ) | No. 1:10-cv-515-DBH |
| ) | |
| **FEDEX GROUND PACKAGE** ) | |
| **SYSTEM, INC.** *d/b/a FedEx* ) | |
| *Home Delivery,* ) | |
| ) | |
| DEFENDANT ) | |

### ORDER ON PROPOSED NOTICE

1. I see no reason to limit the conditional opt-in class at this point to Portland and Bangor terminals.

2. Although the plaintiffs have flagged in their memorandum that the case is broader than the FLSA claims, they have not pointed to where in the notice that issue is presented, nor does the defendant's memorandum address the issue, so there is nothing for me to resolve.

3. The "no retaliation" warning is appropriate.

4. I do not require a third party administrator, an additional expense, unless and until cause is shown for the requirement.

5. No reference to tax disclosure is required, as it is an unnecessary in terrorem addition. If an opt-in plaintiff later wants to resist such a disclosure, it can be dealt with then.

6. The opt-in form should provide options to fill in the name of an alternative lawyer or to proceed pro se. The form used in Prescott v. Prudential

Insurance Company, No. 2:09-cv-322-DBH (D. Me), has appropriate language to that end.

7. The defendant requests that the notice include the phrase "Operating Agreement" when defining the class. The plaintiffs do not object. I note that the plaintiffs' motion for conditional certification provides that the case "relates only to FedEx drivers who delivered full-time for FedEx under the prior operating agreements between themselves and FedEx." Pls.' Mot. for Conditional Certification at 3 n.4 (Docket Item 25). Reference to the operating agreement should be included in the notice.

8. The defendant requests that the notice include the phrase "pick-up and delivery" when defining the class. The plaintiffs do not object. I note that the record includes a sample agreement used by FedEx, which is entitled "Pick-Up and Delivery Contractor Operating Agreement." (Docket Item 12-1).

9. The plaintiffs propose using the phrase "drove a vehicle which weighed less than 10,001 lbs." The defendant proposes using the phrase "drove a vehicle with a Gross Vehicle Weight Rating ("GVWR") of less than 10,001 lbs." Neither explains the significance of their proposed terminology. I note that there was a change in the law after the passage of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users Technical Corrections Act of 2008. See Pub. L. No. 110-244, 122 Stat. 1572 (2008). If this change in the law requires an adjustment in the definition of the plaintiffs class, then the parties will have the opportunity to address that issue at the final certification stage. In the meantime, I approve the plaintiffs' terminology.

10. Oral argument is not required. We already had oral argument on the opt-in class, and no further argument is required. Moreover, it would delay distributing the notice, which has statute of limitations implications.

11. The parties shall prepare a Notice that complies with these requirements.

**SO ORDERED.**

**DATED THIS 28TH DAY OF SEPTEMBER, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**