UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAYNE SCOVIL, CHRISTY PARSONS, KELLEY NYLUND, CLARENCE MCMULLEN, JR., BRENT BAILEY, HENRY SMITH, DUANE HUMPHREY, and WILLIAM PREBLE, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, <br><br> Defendant. | Civil Action No.: 1:10-cv-00515-DBH |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION
SEEKING INDIVIDUALIZED DISCOVERY OF OPT-IN PLAINTIFFS**

Pursuant to the Court's order dated September 30, 2011, Defendant FedEx Ground Package System, Inc. ("FedEx Ground"), submits this motion seeking leave to conduct individualized discovery of plaintiffs who choose to opt in to this conditionally certified FLSA collective action.[1] This motion should be allowed for the following reasons, as explained more fully below.

First, as many courts have recognized, individualized discovery of opt-in plaintiffs is necessary to allow the defendant an opportunity to move to decertify the class in the so-called "second stage" of the FLSA collective action process. Because there are only 97 potential opt-ins here, this is not the sort of case where individualized discovery would be unduly burdensome.

Second, allowing individualized discovery is consistent with the opt-ins' status as party

---

[1] The Parties have agreed to an expedited briefing schedule for this motion. Plaintiffs will file any opposition to FedEx Ground's motion within 14 days after the motion is filed. FedEx Ground will file any reply to Plaintiffs' opposition within 7 days after the opposition is filed.

plaintiffs, in contrast to a Rule 23 class action where absentee class members do not have such status. The possibility that the trial in this action may include representative testimony does not preclude the need for discovery of all plaintiffs. Indeed it heightens the need for such discovery: defendant deserves the opportunity, through discovery, to be able to demonstrate that non-testifying plaintiffs do not have viable claims and/or that testifying plaintiffs are not, in fact, representative.

Third, FedEx Ground's need for individualized discovery is especially compelling given the facts and circumstances of this case. The class list that FedEx Ground supplied to plaintiffs is necessarily overinclusive, as explained below. In addition, discovery of each opt-in plaintiff is necessary to permit the individualized inquiry that courts have held is required by the applicable "economic realties" test.

I.   **Individualized Discovery Is Necessary To Determine If The Plaintiffs Are Similarly Situated**

In deciding whether this case should proceed as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), this Court has employed a two-step approach to determine if the proposed group of plaintiffs is "similarly situated." *See* Decision and Order on Plaintiffs' Motion for Conditional Certification (Doc. No. 52) ("Conditional Certification Order"), at 2 ("A two-step process determines whether a proposed group of plaintiffs is "similarly situated," and therefore qualified to proceed as a conditional collective action"); *see also* 29 U.S.C. § 216(b) ("An action to recover the liability…may be maintained against any employer…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). The first step requires the plaintiffs to "make only a '*modest factual showing*' that, with similar but not necessarily identical jobs, they suffered from a common unlawful policy or plan." Conditional Certification Order at 2 (emphasis added). As

Judge Hornby recognized in *Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357 (D. Me. 2010), this standard has been called "not particularly stringent," "fairly lenient," "flexib[le]," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." *Id.* at 364 (citations omitted).

On September 16, 2011, the Court conditionally certified this case as a collective action, finding that the plaintiffs had met the "modest factual showing" required in the first stage. *See* Conditional Certification Order. This decision was based only on six declarations submitted by a total of 18 named and opt-in plaintiffs in this action. *Id.* at 5-6.

In the upcoming second step of the conditional certification process, however, the Court must "make the factual determination as to whether there are similarly-situated employees who have opted-in." Conditional Certification Order at 2 (quoting *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n.2 (5th Cir. 2008)). The standard under the second step is "less lenient" than the first step and the plaintiffs' burden is "heavier." *Prescott*, 729 F. Supp. at 365 n.8. In the second stage, the Court will have to examine, among other factors, the "factual and employment settings of the *individual plaintiffs*" and the "different defenses to which the plaintiffs may be subject on an *individual basis*" to determine whether they are in fact similarly situated. *Id.* at 364-65 (emphasis added).

Accordingly, FedEx Ground should be permitted to conduct discovery of each individual who has opted into or will opt into this case to demonstrate that their factual and employment settings are not similar. "Indeed, the purpose of the second step of the *ad hoc* analysis is to consider the unique circumstances of each plaintiff-an undertaking which would be nearly impossible without some amount of individualized discovery." *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284-KHV, 2008 WL 821950, at *2 (D. Kan. Mar. 26, 2008); *accord*

*Ingersoll v. Royal & Sunalliance USA, Inc.*, No. C05-1774-MAT, 2006 WL 2091097, at *2 (W.D. Wash. July 25, 2006) ("discovery related to the opt-in plaintiffs is pertinent to the determination of whether or not these individuals are similarly situated within the meaning of the FLSA."); *Coldiron v. Pizza Hut, Inc.*, No. CV03–05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004) ("[T]he question of whether the plaintiffs are similarly situated within the meaning of 29 U.S.C. § 216(b) is still an issue because [defendant] plainly intends to move to decertify the class. Based on that reason alone, *discovery, including individualized discovery, is both necessary and appropriate*.") (emphasis added).

Numerous courts have found that individualized discovery of each opt-in is necessary in order for a defendant to move to decertify a conditional collective action, even in cases with a larger number of potential opt-ins than the 97 here. *See Abubakar v. City of Solano*, No. CIV S-06-2268 LKK EFB, 2008 WL 508911, at *2 (E.D. Cal. Feb. 22, 2008) (permitting individualized discovery consisting of interrogatories, document requests, and depositions, of all 160 opt-in plaintiffs); *Kaas v. Pratt & Whitney, a Consol. Subsidiary of United Techs. Corp.*, No. 89–8343–CIV–PAINE, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991) (permitting individualized discovery consisting of interrogatories, document requests, and depositions, of all 98 opt-in plaintiffs); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (permitting depositions of all 127 opt-in plaintiffs), *vacated on other grounds sub nom. Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142 (4th Cir. 1992); *Renfro*, 2008 WL 821950, at *1-3 (permitting interrogatories and document requests to be served on all 136 opt-in plaintiffs and also permitting defendants to conduct depositions of all opt-in plaintiffs for whom they requested depositions); *Coldiron*, 2004 WL 2601180, at *2 (permitting individualized discovery consisting of requests for admission, interrogatories, and document requests, of all 306 opt-in plaintiffs);

*Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (permitting interrogatories to be served on all 162 opt-in plaintiffs in the form of a questionnaire and also permitting defendants to conduct depositions of all opt-in plaintiffs for whom they requested depositions); *see also Ingersoll*, No. 2006 WL 2091097, at *3 (permitting individualized discovery consisting of written requests and depositions of all 36 opt-in plaintiffs).[2]

This is not a case where the size of the opt-in class makes individualized discovery unduly burdensome. In *Smith v. Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354 (S.D. Ohio 2006), for example, the court limited discovery of an opt-in class of more than 1,500 individuals to a "statistically significant representative sampling." *Id.* at 357-58. Notably, however, the court also held that additional discovery could be conducted at a later date if the discovery of the sample group showed that it would be appropriate and necessary. *Id.* at 358. Similarly, in *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2007 WL 1341774 (D. Kan. May 4, 2007), the court held that defendants could not take the depositions of all 272 opt-in plaintiffs, but distinguished cases where courts had allowed as many as 125 opt-in depositions as "not particularly persuasive because the number of opt-in plaintiffs involved were not substantial." *Id.* at *2.[3]

Here, the class will, at most, be composed of 97 opt-in plaintiffs. All of the individuals who choose to opt into this action will have done so knowingly and voluntarily. They will each have received notice that "[b]y participating in the lawsuit you may be required to respond to

---

[2] Furthermore, in *Prescott v. Prudential Ins. Co.*, a collective action involving 20 opt-in plaintiffs, Magistrate Judge Rich recently permitted the parties to conduct 80 depositions. *See* Amended Scheduling Order for Merits Discovery, 2:09-cv-00322-DBH (Doc. No. 124 at 2, July 27, 2011).

[3] The court in *Greer* also found the depositions to be burdensome because they involved opt-in plaintiffs from several non-contiguous states, *Id.* at *4, whereas here all of the relevant conduct took place in Maine. Furthermore, the depositions were being held in part to determine whether opt-in plaintiffs were exempt from FLSA requirements under the outside sales exemption, not to determine whether they were similarly situated. *Id.* at *1.

5

written questions, to produce documents substantiating your claim, and to sit for deposition."

Notice of Pendency of FLSA Collective Lawsuit ("Notice"), at 2. As in *Krueger v. N.Y. Tel. Co.*, a case where the court permitted individualized discovery of the opt-in plaintiffs,

> This is not a class consisting of thousands of absent class members, scattered throughout the country, perhaps unaware of the litigation itself. This case involves a relatively small group of [] people, each of whom has freely chosen to participate and each of whom has relevant information with respect to the claims and defenses in this action.

*Id.*, 163 F.R.D. at 449. Accordingly, FedEx Ground is entitled to obtain discovery "regarding any nonprivileged matter that is relevant to any *party's* claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added).

## II.   Individualized Discovery Is Appropriate Here Because, In Contrast To A Rule 23 Class Action, Individuals Who Opt Into This Action Are Party Plaintiffs

Under the plain language of the FLSA, filing a consent to join a collective action means that the "employee shall be a party plaintiff." 29 U.S.C. § 216(b). Thus, "unlike absent class members in a Rule 23 class action," "opt-in employees are party plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009); *accord White v. Baptist Mem'l Health Care Corp.*, No. 08–2478, 2011 WL 1883959, at *3 (W.D. Tenn. May 17, 2011) ("Unlike absent class members in a Rule 23 class action, opt-in plaintiffs who file written consents and join the collective action are party plaintiffs."); *see also* 7B Wright, Miller, & Kane, Federal Practice and Procedure § 1807 at 474 n. 13 (3d ed. 2005) ("every plaintiff who opts in to a collective action has party status, whereas unnamed class members in Rule 23 class actions do not").[4]

Plaintiffs may argue that the potential use of representative testimony in FLSA trials makes individualized discovery unnecessary. While it is true that – at least in the context of

---

[4]   *Cf. Prescott,* 729 F. Supp. 2d at 362, 365 n.8 (differentiating between Rule 23 class actions and FLSA collective actions); *Id.* at 359-60, 362-65, 369-70 (referring to individuals who choose to opt into an FLSA collective action as "plaintiffs").

FLSA actions brought by the Secretary of Labor – the First Circuit has held that "not all employees need testify in order to prove [a] violation[]" of the FLSA, and the use of representative testimony is permissible, *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 792 (1st Cir. 1991), this ruling does not justify limiting discovery for the purpose of the second stage in the certification process.  In addition, the use of representative testimony does not bar the defendant from demonstrating at trial "that individual plaintiffs who do not testify have made claims that cannot be substantiated, in whole or in part."  *Tum v. Barber Foods, Inc.*, No. 00–371–P–C, 2002 WL 47899, at *1 (D. Me. Jan. 11, 2002), *recommendation adopted*, No. 00–371–P–C (Doc. No. 48, Feb. 20, 2002).  Indeed, the potential use of representative testimony actually heightens the need for individualized discovery.  Without it, and thus without any basis for determining the differences among the universe of plaintiffs and opt-ins, the Court would not be able to determine the extent to which, if at all, representative testimony is appropriate.

**III.    Individualized Discovery Is Particularly Appropriate In This Case**

    **A.    Individualized Discovery Is Appropriate Because The Class Definition Is Over-Inclusive**

The wording of the class definition in the Notice contains ambiguities that may allow individuals to opt into this action who would not be qualified to recover under the FLSA claim.  For example, the class definition is not limited to individuals who drove for more than 40 hours per week for FedEx Ground.  Plaintiffs' allege in the Complaint, however, that FedEx Ground is liable under the FLSA for unpaid overtime,  Compl. ¶ 27, and the FLSA itself only requires overtime to be paid for a workweek longer than 40 hours.  29 U.S.C. § 207.  Thus, individualized discovery is relevant to whether the opt-in plaintiffs did in fact work more than 40 hours in a week.

In addition, the class of potential opt-ins described in the Notice include those "who

drove a vehicle which *weighed* less than 10,001 pounds." Notice at 1 (emphasis added). In the context of a claim for overtime under the FLSA, however, the relevant inquiry is not the *weight* of the vehicle, but the *Gross Vehicle Weight Rating* ("GVWR") of the vehicle, which is the maximum allowable weight of a vehicle and all of its contents, including passengers, cargo, and fuel. *See* National Motor Vehicle Title Information System, *Frequently Asked Questions*, http://www.vehiclehistory.gov/nmvtis_faq.html (last visited Oct. 13, 2011). The reason for this distinction is that individuals who drive vehicles with a GVWR of 10,001 pounds or more are exempt from the FLSA's overtime requirements.[5]

The class list supplied to plaintiffs is necessarily overinclusive because the GVWRs of the vehicles driven by the potential opt-in plaintiffs are largely indeterminable in the absence of discovery. FedEx Ground does not maintain GVWR data for all of the vehicles driven by its contractors, and FedEx Ground has been unable to determine the GVWR of vehicles driven by 61 out of the 97 potential opt-in plaintiffs in this case. Indeed, of the approximately 163 vehicles driven by the potential opt-in plaintiffs during the course of their time contracting with FedEx Ground, FedEx Ground is unable to determine the GVWR of 124 of them. Accordingly, FedEx Ground should be allowed discovery to determine whether the individuals who opt into this action are exempt from the FLSA's overtime requirements.

## B. Individualized Discovery Is Also Necessary Because Of Plaintiffs' Misclassification Allegations

The central issue in this case is whether plaintiffs have been properly classified as

---

[5] 29 U.S.C. § 213(b) states that "[t]he provisions of section 207 of [the FLSA] shall not apply with respect to (1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." Pursuant to 49 U.S.C.A. § 31502, the Secretary of Labor established maximum hour requirements for drivers of "commercial motor vehicle[s]." 49 C.F.R. § 395.3. "Commercial Motor Vehicle" is defined as "any self-propelled or towed motor vehicle used on a highway in interstate commerce to transport passengers or property when the vehicle--(1) Has a *gross vehicle weight rating* or gross combination weight rating, or gross vehicle weight or gross

independent contractors under the economic realities test.  The economic realities test, like the second stage of the certification process, requires the court to make "an *individualized examination* of the multiple factors relating to each driver's employment."  *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, 662 F. Supp. 2d 1069, 1083 (N.D. Ind. 2009) (emphasis added); *see also* Conditional Certification Order at 3 n. 3 (laying out the six-factor economic realities test).  No single factor is determinative; courts must examine all of the factors to determine "the totality of the circumstances bearing on whether the putative employee is economically dependent on the alleged employer."  *Baystate Alternative Staffing v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998); *see also Hunt v. State of Mo., Dep't of Corrections*, 297 F.3d 735, 741 (8th Cir. 2002) ("Determining whether a party is an employee or an independent contractor [] requires a fact-intensive consideration of all aspects of the working relationship between the parties") (internal quotation omitted).

Many of the economic realities test factors are contractor-specific.  For example, one factor is the worker's investment in the business.  *See Bolduc v. Nat'l Semiconductor Corp.*, 35 F. Supp. 2d 106, 112 (D. Me. 1998).  The sales prices for routes in Maine terminals, however, have ranged from $5,000 to a high of more than $90,000, and contractors are not required to inform FedEx Ground of the sale price.  *See* FedEx Ground's Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification (Doc. No. 37) ("Conditional Certification Opposition"), at 12.  Another factor in the economic realities test is the worker's opportunity for profit or loss.  *Bolduc*, 35 F. Supp. 2d at 112.  However, the annual earnings of contractors in Maine varied greatly, and each contractor's net income cannot be determined without individualized discovery regarding the contractor's expenses.  *See* Conditional

---

combination weight, *of 4,536 kg (10,001 pounds) or more*, whichever is greater."  49 C.F.R. § 390.5 (emphasis added).  Accordingly, the FLSA does not apply to drivers of vehicles with a GVWR of 10,001 lbs. or greater.

Certification Opposition at 13-14.

Indeed, each contractor's experience driving for FedEx Ground was unique. Contractors drove out of different terminals that were run by different FedEx Ground managers, serviced different routes, and drove for FedEx Ground at different periods of time. The declarations submitted by Plaintiffs in support of their Motion for Conditional Certification, along with the limited discovery that has taken place thus far, have already shown substantial variations among the situations of plaintiffs and opt-ins. *See* Conditional Certification Opposition at 17-18. Plaintiffs responded by noting that such an analysis is premature "because the parties have had little opportunity to engage in significant discovery." Plaintiffs' Reply Brief in Support of Their Motion for Conditional Certification (Doc. No. 42), at 1-2. Any arguments now by Plaintiffs to limit further discovery would simply be an attempt to keep similar material variations among the plaintiffs from coming to light by foreclosing the opportunity "to engage in significant discovery" altogether. In order for this Court to determine whether the plaintiffs were properly classified as independent contractors under the economic realities test, it will need to examine individualized discovery of all of the opt-in plaintiffs.

## CONCLUSION

For the reasons stated above, Defendant FedEx Ground respectfully requests that this Court authorize FedEx Ground to conduct individualized discovery, including both written and deposition discovery, of all of the opt-in plaintiffs in this action.

## REQUEST FOR ORAL ARGUMENT

FedEx Ground respectfully requests a hearing on this Motion.

Dated: October 13, 2011            Respectfully Submitted,

                                             FEDEX GROUND PACKAGE SYSTEM, INC.
                                             By its attorneys,


/s/ James C. Rehnquist
James C. Rehnquist (*pro hac vice*)
Caroline H. Cochenour (*pro hac vice*)
James P. Abely (*pro hac vice*)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000 (tel)
(617) 570-1231 (fax)
jrehnquist@goodwinprocter.com
ccochenour@goodwinprocter.com
jabely@goodwinprocter.com

Eric J. Uhl
FISHER & PHILLIPS LLP
400 Congress Street
P.O. Box 7250
Portland, ME 04112-7250
(207) 774-6001 (tel)
(207) 775-6407 (fax
euhl@laborlawyers.com

## **CERTIFICATE OF SERVICE**

       The undersigned counsel certifies that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on October 13, 2011.

                                             /s/ James C. Rehnquist