# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **WAYNE SCOVIL, ET AL.,** | ) | |
| | ) | |
| **PLAINTIFFS** | ) | |
| | ) | |
| **v.** | ) | **No. 1:10-cv-515-DBH** |
| | ) | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.** *d/b/a FedEx Home Delivery,* | ) | |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## PROCEDURAL ORDER

Now that the parties have filed a Joint Notice of Proposed Class Action Settlement, I **DIRECT** the Clerk's Office to schedule a preliminary hearing for early September as the Court's calendar permits. I draw the lawyers' attention to the following modifications to what they have requested.

1. This hearing is not for "preliminary approval" of the impending proposed settlement. It is simply a preliminary review. Counsel should consult PRINCIPLES OF AGGREGATE LITIGATION § 3.03 (2010) and its comments for the significance of the distinction. See also In re New Motor Vehicles Canadian Export Antitrust Litig., 236 F.R.D. 53, 55-56, n.2 (D. Me. 2006); Nilsen v. York Cnty., 228 F.R.D. 60, 62 (D. Me. 2005) ("Because a judicial declaration of 'preliminary fairness' unjustifiably suggests a built-in headwind against objections to the settlement, I am determining simply whether the proposed settlement agreement deserves consideration by the class and whether the

notice is appropriate.  I reserve all determinations of the proposed settlement's fairness, reasonableness, and adequacy until the [final fairness] hearing.");

2.     Submission of materials shall be at least seven (7) calendar days before the hearing;

3.     The submitted materials shall address the factors in Fed. R. Civ. P. 23(e)(1)-(4); and

4.     Counsel shall address whether there are any differences to consider for the collective action part of the case.

**SO ORDERED.**

**DATED THIS 20TH DAY OF AUGUST, 2013**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**